ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ELVIRA FLORES CRUZ, HUGO CABRERA, HUGO CABRERA UMPIERRE**<br><br>Recurrido<br><br>v.<br><br>**BVI GAS, INC., h/n/c CABO ROJO GAS, COMPAÑÍA DE SEGUROS Y**<br><br>Peticionario | KLCE202400487 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ**<br><br>Civil Núm.: **MZ2020CV01075**<br><br>Sobre: Impericia Profesional Contra Otros Profesionales (No Médicos) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparecen ante este Foro, Cabo Rojo Gas, Mueblería Amistad, Inc. y BVI Gas, Inc. (parte peticionaria) y solicitan nuestra intervención, a los fines de que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 4 de marzo de 2024. Mediante la aludida determinación, el foro primario no permitió a la parte peticionaria dirigirle a la parte recurrida, señora Elvira Flores Cruz (señora Flores Cruz), preguntas relacionadas a acusaciones criminales previas.

Por los fundamentos expuestos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

## I.

Según surge del expediente, el pleito de referencia inició cuando el señor Hugo Cabrera Pérez y la señora Flores Cruz incoaron una acción sobre daños y perjuicios contra la parte peticionaria, por unos hechos acaecidos el 24 de enero de 2020.

Contestada la demanda por las compañías peticionarias, el 10 de noviembre de 2023 se llevó a cabo la deposición de la señora Flores Cruz. Allí surgió una controversia relacionada a una pregunta realizada por la representación legal de la parte peticionaria, específicamente si la señora Flores Cruz en alguna ocasión había sido acusada de algún delito, aunque no hubiera prosperado el caso. Levantada y consignada la objeción del abogado de la deponente, ésta última negó contestar la referida pregunta, ello a pesar de que la representación legal de la parte peticionaria expuso que las Reglas de Procedimiento Civil para una deposición requerían que las preguntas se contestaran en el momento.

A raíz de lo anterior, el 6 de febrero de 2024, la parte peticionaria instó una *Moción en Solicitud de Orden para Compeler a la Parte Demandante a Descubrir*. Detalló que durante la deposición de la señora Flores Cruz esta se negó a contestar en lo absoluto preguntas formuladas sobre el haber sido acusada y/o procesada por la comisión de algún delito, las cuales fueron objetadas por su representación legal, quien a su vez le instruyó a que no la contestara. Argumentó que la objeción y negativa a contestar las preguntas sobre dicho tema sucedió a pesar de que:

a) para la toma de la deposición, se había estipulado entre las partes que el levantar objeciones a las preguntas formuladas durante la misma quedaban reservadas para el juicio, por lo que no serían renunciadas de no levantarse durante el proceso.

b) igual pregunta formulada al co-demandante Hugo Cabrera Pérez a la toma de su deposición no fue objetada por su representación legal, y fue contestada por dicha parte.

c) la Regla 27.7(b)(4) de Procedimiento Civil dispone que "un(a) deponente está obligado(a) a contestar todas las preguntas que se le formulen durante el transcurso de una deposición..." excepto por determinadas excepciones dispuestas en la regla que son inaplicables al presente caso.

A su vez, la parte peticionaria arguyó que, al momento de ser levantada la objeción, no estaba disponible el teléfono del Tribunal

para llevar a cabo una conferencia y así plantear e intentar resolver la controversia sobre la negativa a contestar. Por consiguiente, se recurrió a continuar la toma de la deposición sobre todo aquel asunto no relacionado con la objeción, según dispuesto en la Regla 27.7(b)(4) de Procedimiento Civil, 32 LPRA Ap. V, R. 27.7(b)(4).

Asimismo, la parte peticionaria adujo que, no empece a su obligación de contestar las preguntas planteadas sobre el tema, la señora Flores Cruz se negaba a descubrir información relevante que se le requirió, en violación a su obligación de ley. Añadió que la información solicitada no quedaba amparada por algún privilegio reconocido por ley. En cumplimiento con la Regla 34.1 de Procedimiento Civil, certificó que realizó los esfuerzos necesarios para resolver la negativa a descubrir de la señora Flores Cruz. Ante ello, solicitó al TPI que la ordenara a comparecer a otra deposición para contestar las referidas preguntas. Por su parte, la señora Flores Cruz se opuso, por entender que la pregunta en cuestión era muy general y no era pertinente a la causa de acción de daños y perjuicios.

El 4 de marzo de 2024, el foro de instancia decretó la *Resolución* que hoy revisamos. Mediante la misma, no permitió a la parte peticionaria hacer preguntas relacionadas a acusaciones de la señora Flores Cruz.

En desacuerdo, el 1 de abril de 2024, las compañías peticionarias solicitaron reconsideración, sin éxito. Aun inconforme, estas comparecen ante nos y alegan que el TPI cometió los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al permitir a la parte demandante-recurrida a no tan solo objetar las preguntas relacionadas con procesos y acusaciones de naturaleza penal que le fueran hechas durante la deposición, sino que se rehusara contestar y su abogado instruir a que no se contestaran preguntas sobre el tema en clara violación de las disposiciones de la Regla 27.7(b)(1) y (b)(4) de Procedimiento Civil, sin que el Honorable Tribunal de Primera Instancia

sancionara dichas actuaciones y ordenara que se contestaran las preguntas sobre el tema de conformidad con las directrices de la Regla, eximiendo a la parte demandante-recurrida de proveer información alguna sobre el asunto.

Erró el Honorable Tribunal de Primera Instancia al resolver que "no se permite preguntas relacionadas a acusaciones de la Sra. Elvira Flores" a pesar de que las circunstancias y los hechos del caso hacen la indagación sobre dicho asunto en uno plenamente pertinente en cuanto a no tan solo causalidad y negligencia, sino en cuanto a daños, existiendo una probabilidad razonable que información que se derive de dicha indagación conduzca al descubrimiento de evidencia admisible en el juicio que reconoce la Regla 23.1 (a) de Procedimiento Civil y la jurisprudencia que la ha interpretado, privando a la parte demandada-recurrente de siquiera indagar en tomo a casos donde la mendacidad de la parte demandante-recurrida haya sido cuestionada o establecida que permita impugnar la credibilidad de su testimonio en el presente caso.

El 4 de junio de 2024, la parte recurrida instó su alegato, por lo que, con el beneficio de la comparecencia de todas las partes, procedemos a resolver.[1]

## II.

## A.

El auto de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). Su expedición está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

---

[1] El 11 de junio de 2024 las entidades peticionarias presentaron una moción urgente en auxilio de jurisdicción, la cual fue denegada mediante *Resolución* emitida el 13 de junio de 2024.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). A esos efectos, dicha Regla dispone —en lo concerniente— lo siguiente:

> El recurso de *certiorari*, para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones **podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.** Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro). Regla 52.1 de Procedimiento Civil, supra.

Por otro lado, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Como se sabe, las Reglas de Procedimiento Civil de Puerto Rico conceden a todas las partes en un pleito el derecho a realizar un descubrimiento de prueba. En términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. *Torres González v. Zaragoza Meléndez*, supra, pág. 844, citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Véase, además, Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Berríos Falcón v. Torres Merced,* 175 DPR 962, 971 (2009). La toma de deposiciones es uno de los

métodos de descubrimiento de prueba, el cual se rige por la Regla 27 de Procedimiento Civil, 32 LPRA Ap. V R. 27.

Al interpretar esta figura jurídica, nuestra jurisprudencia ha expresado que el mecanismo de descubrimiento de prueba se caracteriza por ser de alcance amplio y liberal, para facilitar la tramitación de los pleitos y evitar inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 659 (2021); *Berríos Falcón v. Torres Merced,* supra. Ahora bien, al descubrimiento de prueba le son oponibles dos (2) limitaciones: (1) pertinencia y (2) privilegio. *McNeil Healthcare v. Mun. Las Piedras II,* supra; *Ponce Adv. Med. v. Santiago González et al.,* 197 DPR 891, 898–899 (2017). La pertinencia se debe interpretar de manera amplia.[2] Por su parte, materia privilegiada se refiere a aquella que se encuentra dentro del alcance de alguno de los privilegios reconocidos en las Reglas de Evidencia. *McNeil Healthcare v. Mun. Las Piedras II,* supra.

De otra parte, es menester apuntalar que los tribunales tienen el deber de asumir un rol activo desde el albor del pleito, por lo que es recomendable que en la etapa del descubrimiento de prueba también intervengan y lo encaucen. Ello, con el objetivo de garantizar un proceso judicial justo, rápido y económico. *Lluch v. España Service Sta.,* 117 DPR 729, 744 (1986). Así, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con

---

[2] Prueba pertinente es la que produzca o pueda producir, entre otras: [...] (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare v. Mun. Las Piedras II,* supra, pág. 674.

dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II*, supra, pág. 672; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022), citando a *Lluch v. España Service Sta.*, supra, pág. 745.

**III.**

En esencia, la parte peticionaria aduce que el Tribunal de Primera Instancia se equivocó al no permitirle realizar preguntas sobre acusaciones previas de la señora Flores Cruz. La parte recurrida está de acuerdo con la *Resolución* impugnada.

A poco examinar la decisión interlocutoria objeto de revisión, nos percatamos que esta no se encuentra dentro del espectro de disposiciones revisables por la vía del recurso de *certiorari* al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* a los fines de intervenir con el manejo del descubrimiento de prueba que realiza el foro primario. Tampoco refleja una situación excepcional, ni la parte peticionaria nos colocó en posición de establecer que la falta de nuestra intervención ocasionaría un fracaso de la justicia.

Asimismo al examinar los argumentos de las partes y el pronunciamiento sujeto a revisión, determinamos no intervenir con la actuación del TPI. En el caso de autos, según el tracto fáctico expuesto, el foro *a quo* atendió oportunamente la controversia surgida durante la toma de deposición de la señora Flores Cruz, a raíz de la pregunta realizada por la parte peticionaria relacionada a la existencia o no de acusaciones criminales previas. Así las cosas, el Tribunal, en el ejercicio de la discreción que ostenta en el manejo de los casos, decretó la prohibición de preguntas dirigidas con ese fin.

En suma, somos del parecer que no se justifica la expedición del auto de *certiorari* solicitado por la parte peticionaria. Advertimos que la denegatoria de un recurso de *certiorari,* no prejuzga los

méritos del asunto o la cuestión planteada, y, por tanto, la misma puede ser reproducida nuevamente mediante el correspondiente recurso de apelación. *García v. Padró*, supra, citando a *Núñez Borges v. Pauneto Rivera*, 130 DPR 749(1992). Por otra parte, nuestro dictamen no debe entenderse como una limitación para que la parte demandada realice durante el juicio, las preguntas o impugnaciones que entienda pertinente, conforme a las Reglas de Evidencia. Por tanto, de surgir alguna circunstancia dentro de los procedimientos del caso, las partes tendrán la oportunidad de acudir ante este foro, de entenderlo necesario.

## IV.

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.* La Jueza Rivera Marchand disiente sin opinión escrita.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones